IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH D'ALESSANDRO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Act. No. 04-879-JJF |
| | : |
| BRANN & ISAACSON, PETER J. | : |
| BRANN, SMITH KATZENSTEIN | : |
| FURLOW LLP, LAURENCE V. | : |
| CRONIN, and L.L. BEAN, INC., | : |

Joseph D'Alessandro, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 12, 2005
Wilmington, Delaware

Farnan, District Judge

The plaintiff, Joseph L. D'Alessandro, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed, Plaintiff's motion to proceed in forma pauperis will be granted, and his complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   **PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

When reviewing pauper applications, the Court must make two separate determinations. First, the Court must determine whether Plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. Second, the Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

When determining whether a plaintiff is entitled to proceed in forma pauperis, the Court begins by looking at the plaintiff's affidavit requesting pauper status. If the plaintiff lacks sufficient assets with which to pay the filing fee, the Court may grant the plaintiff's request.

Here, there is no question that Plaintiff has a limited income. In his affidavit, Plaintiff states that he receives $1250.00 a month in disability benefits. He lives in a mobile

1

home which he states is valued at $30,000. Apparently, Plaintiff does not own any other property. Plaintiff has attached a notice from his bank indicating that his bank account is overdrawn. (D.I. 1) Plaintiff is married, but indicates that his wife is also disabled. (Id.) Based on the foregoing economic circumstances, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis. Having concluded that Plaintiff is entitled to proceed in forma pauperis under Section 1915(a), the Court will proceed to "screen" Plaintiff's complaint under Section 1915(e)(2)(B).

II.  **REVIEW OF PLAINTIFF'S COMPLAINT UNDER SECTION 1915(e)(2)(B)**

By his Complaint, Plaintiff alleges that the Defendants have violated his constitutional rights by forcing him to sign a settlement agreement in D'Alessandro v. L.L. Bean, Inc., Civ. Act. No. 01-623-CMR (D. Del filed Sept. 18, 2001). (D.I. 2 at para. C.) Specifically, Plaintiff alleges that the Defendants would not agree to the settlement, unless Plaintiff agreed to dismiss his claims in the following civil actions: D'Alessandro v. L.L. Bean, Civ. Act. No. 02-077-JCJ (D. Del. dismissed Apr. 10, 2001); D'Alessandro v. Federal Civil Panel, Civ. Act. No. 03-914-RFK (D. Del dismissed Feb 17, 2004); and, D'Alessandro v. L.L. Bean, Inc., Civ. Act. No. 03-977-JPF (D. Del. dismissed June 22, 2004). (Id.) Significantly, the settlement agreement in question was signed at a settlement conference held on July 13,

2004, well after the Court dismissed the civil actions to which Plaintiff refers. See D'Alessandro v. L.L. Bean, Inc., Civ. Act. No. 01-623-CMR (D. Del filed Sept. 18, 2001) (D.I. 433). Plaintiff asserts that by "forcing" him to sign the settlement agreement, the Defendants violated his First, Fifth, Ninth, and Fourteenth Amendment rights. (D.I. 2 at para. G)

As relief, Plaintiff requests a refund of all the filing fees he has paid because he is a pauper and needs the money for "medical costs which are in the thousands." (D.I. 1 at 1). Plaintiff also requests "treble damages." (D.I. 2 at para. L.)

    A.   Standard of Review For Dismissal

The Supreme Court has authorized the sua sponte dismissal of an in forma pauperis complaint which is frivolous, malicious or fails to state a claim under Section 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319, 325 (1989). When reviewing complaints under this Section, the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    B.    Frivolous Allegations Under 28 U.S.C. § 1915(e)(2)(B)

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1] The term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. A fanciful factual allegation is one describing scenarios clearly removed from reality. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990)(citing, Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Further clarifying the meaning of a fanciful factual allegation, the Supreme Court stated:

> a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the *irrational or the wholly incredible*, whether or not there

---

[1] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act ("PLRA"). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

4

>are judicially noticeable facts available to contradict them.

Denton v. Hernandez, 504 U.S. 25, 33 (1992)(emphasis added). Consequently, the Court can "pierce the veil of the complaint's factual allegations" to weigh their credibility. Id. at 32.

Reviewing Plaintiff's allegations in light of the applicable law, the Court concludes that Plaintiff's claim that the Defendants used force and threats to get him to sign the settlement agreement is incredible. The civil cases that Plaintiff contends that the Defendants "forced" him to dismiss in exchange for signing the settlement agreement were already dismissed by the Court on the merits or otherwise, prior to the execution of the settlement agreement. Therefore, the Court concludes that Plaintiff's factual allegations are frivolous within the meaning of § 1915(e)(2)(B).

    C.   The Defendants Are Not Federal Actors

In addition to the frivolous nature of Plaintiff's factual allegations, the Court also concludes that Plaintiff's claims are frivolous as a matter of law. Plaintiff alleges that the Defendants have violated his civil rights under 42 U.S.C. § 1983. (D.I. 2 at para. C.) However, Plaintiff has not alleged any state action, and therefore, Plaintiff cannot maintain a claim based on 42 U.S.C. § 1983.

Liberally construing Plaintiff's complaint to allege a claim under Bivens, the Court also concludes that Plaintiff is not

5

entitled to relief. "Under Bivens, the federal courts may recognize a cause of action for damages against an individual personally for unconstitutional conduct committed by the individual as a federal official acting under color of law." Rodriguez v. The Nat'l Ctr. for Missing & Exploited Children, 2005 U.S. Dist. LEXIS 5658 * 22 (D.D.C. Mar. 31, 2005)(citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392-397 (1971). Each Defendant named by Plaintiff is either a private individual, law firm, or corporation. Plaintiff does not allege that any of the Defendants are employees or officers of the United States, government actors, or that they acted under color of federal law. Accordingly, the Court concludes that Plaintiff has failed to state a claim under Bivens. See Van Leeuwen v. United States, 868 F.2d 300, 301-02 (8th Cir. 1989)(affirming district court's ruling that plaintiffs did not state Bivens claim or § 1983 claim against certain defendants, because none was a government actor or in a conspiracy with a government actor).

To the extent that Plaintiff contends that the Defendants conspired with the Magistrate Judge to violate his constitutional rights (D.I. 2 at para. C), the Court likewise concludes that Plaintiff's allegations are insufficient to support a Bivens claim. Conclusory allegations of conspiracy like those asserted by Plaintiff are insufficient to state a cause of action under

Bivens against private individuals. Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977); Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996) (dismissing plaintiff's claims for failure to state a claim upon which relief can be granted, as plaintiff failed to assert any factual basis to support the conclusion that a conspiracy existed) (citing Martin v. Malhoyt, 830 F.2d 237, 258 (D.C. Cir. 1987)).

In sum, the Court concludes that Plaintiff's Complaint is factually and legally frivolous. Plaintiff cannot state a claim under either Section 1983 or Bivens, and therefore, the Court will dismiss Plaintiff's complaint.

An appropriate Order will be entered.